**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-30746
Summary Calendar

_____

JOSEPH CHARGOIS,

Plaintiff-Appellant,

versus

FAIR GROUNDS CORPORATION ET AL.,

Defendants,

FAIR GROUNDS CORPORATION,

Defendant-Appellee.

---

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**USDC No. 95-CV-4195**

---

October 5, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Chargois appeals the judgment, following a bench trial, in favor of the Fair Grounds Corporation on his Age Discrimination in Employment Act (ADEA) claim, 29 U.S.C. § 623(a)(1). Chargois contends that he produced direct evidence of age discrimination, pointing to evidence that Lt. James called him "old man". He maintains that, because he produced direct evidence of age bias,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court should have applied the mixed motives analysis of **Price Waterhouse v. Hopkins**, 490 U.S. 228 (1989), rather than the **McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973) pretext analysis.

In **Brown v. CSG Logic, Inc.**, 82 F.3d 651, 656 (5th Cir. 1996), an ADEA age discrimination case, the plaintiff was called an "old goat" and told "you just can't remember, you're getting too old". However, our court did not find this to be direct evidence of discrimination, but rather found that "the comments imply" discrimination. **Id.** at 656-57. Then, although it did not mention **McDonnell Douglas**, the court used a similar analysis. Here, James referred to Chargois as an "old man" and told him "you don't need this job". Like the evidence in **Brown**, these statements only imply that James was discriminating against Chargois, but do not provide *direct* evidence of discrimination. Accordingly, the district court was correct in applying the **McDonnell Douglas** analysis.

The appropriate question after a trial on the merits in an ADEA case, as enunciated in **Hazen Paper Co. v. Biggins**, 507 U.S. 604, 610 (1993), is whether age actually played a role in, and had a determinative influence on, the employer's decision-making process. **Armendariz v. Pinkerton Tobacco Co.**, 58 F.3d 144, 149 (5th Cir. 1995). The district court's finding that "the Fair Grounds has a history of hiring older workers"; that "there is [not] a climate of age discrimination at the Fair Grounds"; that Chargois "was not terminated due to his age"; and that Chargois had not shown that termination for insubordination was not the true

reason are sufficient findings that age did not have a determinative influence on the decision to terminate him. Chargois does *not* contend that these findings are clearly erroneous. *See* ***Anderson v. City of Bessemer City***, 470 U.S. 564, 573-74 (1985); ***Odom v. Frank***, 3 F.3d 839, 843 (5th Cir. 1993).

*AFFIRMED*